Turley, J.
delivered the opinion of the court.
It is admitted by the complainant in this case, that the legislature may constitutionally take private property for public easements, and may incorporate companies with a likq power. But it is contended, that the location of the easement niiust conform to the legislative intent; that in this case the Harpeth company have violated that,
1st. By commencing the road, they were empowered to make, at a different point from that specified by the act of incorporation; and 2nd, because the location is not in conformity with that surveyed by the chief engineer of the State, which, it is argued, is made conclusive upon the company by the act. We will examine these objections.
The act incorporating the company was passed in 1837-8, and is to be found in the session acts of that period, page 141,-ch. 103. The first section prescribes as the commencement of the road, a point near where the Franklin turnpike crosses Little Harpeth. The proof shows that it is made at a point, about one mile and a half from that place; and the question is, is this distance near that point? We think it is; what is near, is a difficult thing to argue about, and we shall not attempt it; let it suffice, that a reasonable conformity with the requisitions of the act is all that can be required', and surely, it would be difficult to say, that a difference of a mile and a half is unreasonable.
The 22nd section makes it the duty of the chief engineer of the State, as soon as his official duties will permit, to survey and mark out the most direct and practicable route for the construction of the road, and report the same to the Governor of the State, who *558 shall file the same in the office of the secretary of the State, and makes it the duty of the company to cause the road to be constructed upon the route thus surveyed and marked out.
It cannot be questioned, that if the chief engineer of the State, has inpursuance of the statute, surveyed and marked out the route for the road, the company is bound by it; but has he done -so? We think not; a reference to his report will show this plainly. He says in his report, “it is to be regretted, that want of proper time, will not allow me to make an actual location of the road, and as that cannot be done, I deem it proper to give such description of the route, as will be sufficient to fix its actual position, with near approximation, and such as will guide the directory of the company in its actual location.” Now it is manifest that this is not a surveying or marking out of the road, and was not so considered by the. engineer, for he says, “it will serve to guide the directory in its actual location;” a thing merely intended to aid them in marking it. Then the road has not been surveyed and marked out by the engineer. What is the consequence? The same section of the act provides that in case the services of the engineer cannot be obtained, the route for the road shall be marked out according to the provisions of the 6th section of the act, which empowers the directors, or a majority of them, or such person as they may appoint, to locate the route of the road. This they are doing, and so far as this case shows, in reasonable conformity with their grant.
The complainant, then, has no right to stop them, and the injunction heretofore granted him will be discharged, and his bill dismissed. -